W. W. GORDON, BEIRNE GORDON, AND G. A. GORDON, CO-PARTNERS AS W. W. GORDON & COMPANY, *Plaintiffs in Error*, v. J. M. HAILE, *Defendant in Error.*

A trial court may grant a new trial in order to permit rejected pleas to be filed, which show a meritorious defense and were timely offered.

This case was decided by the court En Banc.

Writ of Error to the Circuit Court for Alachua County.

The facts in the case are stated in the opinion of the court.

*Clark & Fielding,* and *W. W. Gordon, Jr.,* for Plaintiffs in Error;

*Hampton & Hampton,* for Defendant in Error.

COCKRELL, J.—In this case a verdict for the plaintiffs was set aside by the trial court.

In brief, the record discloses an action upon the common counts with the general pleas of never indebted and set off. The original claim is for the balance upon an advance by cotton brokers, less credits for cotton shipped. At the trial the defendant offered to prove that the broker had violated instructions by holding the cotton until the market dropped, thus causing the deficit; the evidence was

rejected as not being within the issues, whereupon the defendant tendered pleas setting up specifically these facts, but permission to file them was refused, and the refusal made a ground of motion for new trial upon the directed verdict.

We think the court could properly revise its discretion and permit the pleas to be filed. While perhaps, strictly speaking, the general plea of set off might not include the violation of instructions, yet the failure of the plaintiffs to make timely objections to the cross-interrogatories propounded to them along this line, reserving such objections to the trial avoids the laches that might otherwise be imputed to the defendant in failing to discover the narrowness that might restrict the issues open to him. Upon this writ of error we need go no farther, but affirm the order.

All concur, except TAYLOR, J., absent on account of illness.